| | |
|---|---|
| Jesse J. Jenner (admitted *pro hac vice*)<br>jesse.jenner@ropesgray.com<br>Brian P. Biddinger (CSB # 224604)<br>brian.biddinger@ropesgray.com<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Tel: (212) 596-9000<br>Fax: (212) 596-9090 | John Carey (CSB # 214800)<br>jcarey@pattersonsheridan.com<br>PATTERSON & SHERIDAN, LLP<br>250 Cambridge Ave., Suite 300<br>Palo Alto, CA 94306-1556<br>Tel: (650) 330-2310<br>Fax: (650) 330-2314 |

Stephen J. Rosenman (CSB # 170220)
stephen.rosenman@ropesgray.com
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
Tel: (202) 508-4600
Fax: (202) 508-4650

Jerry R. Selinger (admitted *pro hac vice*)
jselinger@pattersonsheridan.com
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave, Suite 2650
Dallas, TX 75201
Tel: (214) 272-0957
Fax: (214) 296-0256

Attorneys for Defendants
*HTC CORPORATION and
HTC AMERICA, INC.*

Gabrielle E. Higgins (CSB # 163179)
gabrielle.higgins@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Tel: (650) 617-4000
Fax: (650) 617-4090

Attorneys for Defendants
*SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>AMERICA, LLC f/k/a SAMSUNG<br>TELECOMMUNICATIONS AMERICA, L.P.,<br>HIGH TECH COMPUTER CORP., a/k/a HTC<br>CORP., H.T.C. (B.V.I.) CORP., AND HTC<br>AMERICA, INC.,<br><br>   Defendants. | Case No: C-14-2717-YGR<br><br>**NOTICE OF MOTION AND MOTION<br>TO STAY THIS ACTION PENDING<br>*INTER PARTES* REVIEW, *INTER<br>PARTES* REEXAM, AND *EX PARTE*<br>REEXAM PROCEEDINGS**<br><br>**JURY TRIAL DEMANDED**<br><br>Hearing Date: August 5, 2014<br>Time:   2:00 p.m.<br>Courtroom: 5, Second Floor<br>Judge:  The Honorable<br>     Yvonne Gonzalez Rogers |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ...................................................................................................3

     A.      The Parties ................................................................................................3

     B.      Procedural History and Case Status........................................................3

     C.      All of the Asserted Patents Are Before the USPTO ...........................................4

     D.      *Inter Partes* Review ..............................................................................5

III.    LEGAL STANDARD............................................................................................6

IV.     ARGUMENT.........................................................................................................6

     A.      The Litigation is in the Early Stages and a Trial Date Has Not
            Been Set ....................................................................................................6

     B.      A Stay Will Simplify the Issues in This Case.......................................8

     C.      A Stay Would Not Create Undue Prejudice to Affinity Or a Clear
            Tactical Advantage to Defendants ......................................................11

V.      CONCLUSION....................................................................................................12

**NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES***
**REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS**
**Case No. C-14-2717-YGR**

**i**

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Convergence Techs. (USA), LLC v. Microloops Corp.*,
No. 10-2151, 2012 WL 1232187 (N.D. Cal. Apr. 12, 2012)......................................................7

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988)..........................................................................................6

*Evolutionary Intelligence LLC v. Yelp Inc.*,
No. C–13–03587 DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ...........................9, 11

*Finjan, Inc. v. Fireeye, Inc.*, No.
C-13-03133 SBA, 2014 WL 2465267 ( N.D. Cal. June 2, 2014).....................................10, 11

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330 (Fed. Cir. 2013), *cert. denied*, 572 U.S. __,
2014 WL 900823 (May 19, 2014) ................................................................................ passim

*Gould v. Control Laser Corp.*,
705 F.2d 1340 (Fed. Cir. 1983).........................................................................................9

*In re Affinity Labs of Texas, LLC*,
2014 WL 67930 (Fed. Cir. Jan. 9, 2014) ..........................................................................2, 8

*In re Cygnus Telecomms. Tech., LLC Patent Litig.*,
385 F. Supp. 2d 1022 (N.D. Cal. 2005).............................................................................6

*PersonalWeb Technologies, LLC v. Facebook, Inc.*,
No. 5:13–CV–01356–EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014)..........................7, 11

*Pragmatus AV, LLC v. Facebook, Inc.*,
No. 11-CV-00494-EJD, 2011 WL 4635512 (N.D. Cal. Oct. 5, 2011) ....................................6

*Pragmatus AV, LLC v. Facebook, Inc.*,
No. 11–CV–02168–EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) ...........................7, 11

*Software Rights Archive, LLC v. Facebook, Inc.*,
No. 12-CV-3970-RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013).....................6, 10, 12

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
No. C–94–20775 RPA (EAI), 1995 WL 20470 (N.D. Cal. Jan. 13, 1995) ..............................9

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
No. C 12–05501 SI, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014)..........................................11

NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES*
REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS
Case No. C-14-2717-YGR

ii

**STATUTES**

35 U.S.C.

§ 6(a)-(c) ....................................................................................................................6
§ 311 .........................................................................................................................6
§ 314(a) .....................................................................................................................5
§ 314(b) .....................................................................................................................5
§ 315(e)(2) .................................................................................................................6
§ 316(a)(11) ...............................................................................................................5
§ 318(a) ...................................................................................................................10

**OTHER AUTHORITIES**

37 C.F.R.

§ 42.100 .....................................................................................................................5
§ 42.100(c) .................................................................................................................5

*Changes to Implement Inter Partes Review Proceedings, Post-Grant Review
   Proceedings, and Transitional Program for Covered Business Method Patents,*
   77 Fed. Reg. 48680-01 (Aug. 12, 2012) ...............................................................5

**NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES***
**REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS**
**Case No. C-14-2717-YGR**

iii

### NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on August 5, 2014 at 2:00 p.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Judge Yvonne Gonzalez Rogers, located at 1301 Clay Street, Oakland, California 94612, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC (collectively, "Samsung"), and High Tech Computer Corp. a/k/a HTC Corp., HTC America, Inc. (collectively, "HTC") (collectively, "Defendants") will and hereby do move for an Order to stay this case pending resolution of the *inter partes* review, *inter partes* reexamination, and *ex parte* reexamination proceedings before the United States Patent and Trademark Office ("USPTO") of all five patents in suit.

      This Motion is based on the pleadings, the following Memorandum, the Declaration of Christopher M. Bonny and corresponding exhibits, and the [Proposed] Order submitted herewith, and such other further papers and argument as may be submitted to the Court with the Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

      Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC (collectively, "Samsung"), and High Tech Computer Corp. a/k/a HTC Corp., HTC America, Inc. (collectively, "HTC") (collectively, "Defendants")[1] respectfully request that the Court stay this action pending resolution of the *inter partes* review, *inter partes* reexamination, and *ex parte* reexamination proceedings before the United States Patent and Trademark Office ("USPTO") of all five patents in suit:  U.S. Patent No. 7,187,947 ("the '947 patent"), U.S. Patent No. 7,324,833 ("the '833 patent"), U.S. Patent No. 7,634,228 ("the '228 patent"), U.S. Patent No. 7,953,390 ("the '390 patent"), and U.S. Patent No. 8,359,007 ("the '007 patent") (collectively the "Asserted Patents").

---

[1]  Defendants LG Electronics, Inc., LG Electronics USA, Inc. and LG Electronics MobileComm U.S.A., Inc. have settled and thus are not participating in this motion.  (D.I. 44).

NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES* REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS
Case No. C-14-2717-YGR

1

1    There is nothing novel claimed in the Asserted Patents.  Indeed, the Federal Circuit

2  recently affirmed the USPTO's finding that all claims of a related patent in the same family —

3  U.S. Patent No. 7,486,926 ("the '926 patent") — are invalid as obvious in view of the prior art.

4  *In re Affinity Labs of Texas, LLC*, 2014 WL 67930 (Fed. Cir. Jan. 9, 2014).  Likewise, the

5  USPTO has already rejected every asserted claim of the '947 and '833 patents and nearly every

6  asserted claim of the '228 patent on several occasions and on several grounds.  For the '833 and

7  '228 patents, those rejections are final and are now being reviewed on appeal to the Patent Trial

8  and Appeal Board ("PTAB") of the USPTO.  On May 20, 2014, the USPTO instituted *inter*

9  *partes* reviews ("IPRs") for every asserted claim of the '390 patent, finding that there is a

10  reasonable likelihood that each asserted claim is invalid.  Defendants have also filed IPRs on all

11  of the asserted claims of the '007 patent, and the USPTO will be issuing its decision on

12  institution by August 2014.  By statute, the USPTO must issue a final determination in the IPRs

13  within 12-18 months after institution.

14    Whatever the results of the USPTO proceedings, those results will change and/or narrow

15  the issues to be decided in this litigation.  Each claim that is found to be invalid cannot be

16  asserted against Defendants in this case.  *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d

17  1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of

18  action based on that claim, and any pending litigation in which the claims are asserted becomes

19  moot."), *cert. denied*, 572 U.S. __, 2014 WL 900823 (May 19, 2014).  If claims are amended

20  during the PTO proceedings, the amendments will eliminate past damages and this litigation

21  should focus on those amended claims, not the claims currently asserted.  And once the IPR

22  proceedings for the '390 and '007 patents are final, Defendants will be estopped from asserting,

23  in this litigation, any invalidity ground they raised or reasonably could have raised in those IPR

24  proceedings.  Given the high probability that the USPTO proceedings will simplify the issues in

25  this case, a stay is proper to avoid needless burden on the Court and the parties.

26    In addition, only minimal discovery has been conducted in this case — a single, third-

27  party deposition has taken place and Affinity's infringement contentions admittedly are

28  incomplete.  Furthermore, because Affinity is a non-practicing entity and is not a competitor in

**NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES***
**REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS**
**Case No. C-14-2717-YGR**

2

1  the marketplace with Defendants, it will not suffer any prejudice from a stay.  For these reasons

2  and consistent with the objectives of Congress in providing these mechanisms for challenging

3  patent validity, Defendants respectfully request that the Court grant a stay of the litigation

4  pending completion of the USPTO proceedings.

5  **II.   BACKGROUND**

6  **A.   The Parties**

7  Plaintiff Affinity Labs of Texas, LLC ("Affinity") is a Texas limited liability company

8  that was founded in 2008.  Affinity's business is the enforcement and licensing of a portfolio of

9  patents that all purport to claim priority to a patent application filed on March 28, 2000 by

10  patent attorney Russell White and patent agent Kevin Imes.  Affinity has been involved in

11  litigation almost continuously since its founding.  Affinity does not make or sell any product or

12  service.

13  Defendants are manufacturers of consumer electronics with offices in Asia and in the

14  United States.  Defendants manufacture a wide variety of electronic devices, including

15  smartphones and tablets that are accused of infringement in this case.

16  **B.   Procedural History and Case Status**

17  On November 20, 2012, Affinity filed its Complaint against Defendants in the Eastern

18  District of Texas, alleging infringement of the '947, '833, '228 and '390 patents.  (*Affinity Labs*

19  *of Texas, LLC v. Samsung Elect. Co., Ltd., et al.*, No. 1:12-cv-00557-RC (E.D. Tex.) ("EDTX

20  Action"), D.I. 1)  On February 13, 2013, Affinity filed an Amended Complaint, adding the '007

21  patent.  (EDTX Action, D.I. 29)  All five Asserted Patents are in the same "family" and share

22  the same patent specification.

23  On July 3, 2013, Defendants moved to transfer this case from the Eastern District of

24  Texas to the Northern District of California.  (EDTX Action, D.I. 67)  On September 18, 2013,

25  Judge Clark conditionally granted Defendants' motion to transfer, effective upon entry of the

26  Court's claim construction Order on the '833 and '228 patents.  (EDTX Action, D.I. 97)  On

27  January 10, 2014, Judge Clark conducted a claim construction hearing on these patents, and on

28  June 4, 2014 issued a claim construction Order and an Order transferring this case to the

NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES*
REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS
Case No. C-14-2717-YGR

3

1   Northern District of California.  (EDTX Action, D.I. 186, 187)  Affinity filed an emergency

2   motion to reconsider the transfer Order on June 18, 2014.  (EDTX Action, D.I. 189)  On June

3   24, 2014, Judge Clark denied Affinity's motion and closed the case.  (EDTX Action, D.I. 196)

4      On August 12, 2013, Affinity first notified Defendants of the asserted claims in this case

5   (37 in total).  On that same day, Affinity served initial infringement contentions, which

6   identified over 700 accused products.  Affinity has not yet completed its infringement

7   contentions with respect to source code — its next supplementation is due July 7, 2014.[2]  Fact

8   discovery in this case has commenced but is still in its early stages.  The parties have exchanged

9   written interrogatories and responses, and have produced documents.  However, only a single

10   third-party deposition has been taken.  No expert reports have been submitted.  The claim

11   construction process on the '947, '390 and '007 patents has not even begun.  And, no trial date

12   has been set.

13      **C.  All of the Asserted Patents Are Before the USPTO**

14      All of the Asserted Patents in this litigation are currently involved in USPTO

15   proceedings.  From 2008 to 2011, defendants in prior lawsuits filed *ex parte* and *inter partes*

16   reexamination proceedings challenging the patentability of the claims of the '947, '833, and

17   '228 patents.[3]  These proceedings are now in their late stages.  Importantly, every asserted

18   claim of the '947 and '833 patents stands rejected by the USPTO.  All asserted claims of the

19   '833 patent have been finally rejected, and the proceedings are currently at the appellate stage

20   before the PTAB.  (Bonny Exs. B and C)  In addition, all asserted claims of the '947 patent

21   remain rejected after four years of examination.  (Bonny Ex. D)  Furthermore, seven of the nine

22

23

24

25   [2]  Affinity indicated that it may need even more time to complete its infringement contentions
because of a third party subpoena it served on Google.  Google responded to the subpoena, but
26   has not yet produced source code because Google's third-party Protective Order had not been
entered by the E.D. Tex. court.  Moreover, Defendants believe Affinity's infringement
27   contentions are deficient in several important respects.
[3]  A table identifying each of the pending USPTO reexamination proceedings is submitted
28   herewith.  (Declaration of Christopher M. Bonny ("Bonny") Ex. A)

NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES*
REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS
Case No. C-14-2717-YGR

4

asserted claims of the '228 patent have been finally rejected, and the *inter partes* reexamination proceeding is currently at the appellate stage before the PTAB.[4]  (Bonny Ex. G)

For the more recently issued '390 and '007 patents, Defendants filed petitions for IPR on December 2, 2013 and January 31, 2014, respectively.  (Bonny Exs. H–K)  On May 20, 2014, the USPTO instituted IPRs for every asserted claim of the '390 patent.  (Bonny Exs. L and M)  Defendants are awaiting the decisions on institution for the '007 patent IPRs which Defendants expect will issue by August 2014.  As discussed below, IPR proceedings must conclude within 12-18 months after institution.

### D.    *Inter Partes* Review

In enacting the Leahy-Smith America Invents Act ("AIA"), Congress sought "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs" and "to create a timely, cost-effective alternative to litigation."  *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-01 (Aug. 12, 2012) (codified at 37 C.F.R. §§ 42.100 et seq.).  Among other things, the AIA introduced a new IPR mechanism, which replaced the previous *inter partes* reexamination procedure.

IPR provides an accelerated timeline for review of patents in which the IPR, if instituted, must conclude within 12-18 months.  *See* 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c).  This mechanism is considerably faster than the previous *inter partes* reexamination, whose duration ranged from 28.9 to 41.7 months.  77 Fed. Reg. 48680-01 at 48721.  The PTAB must decide whether to institute an IPR within 6 months of filing.  *See* 35 U.S.C. § 314(b).  And institution requires "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).  Additionally, estoppel precludes the petitioner from asserting invalidity during a later civil action "on any ground that the petitioner

---

[4]  With respect to the other two claims, the validity of claim 6 of the '228 patent is on appeal (Bonny Ex. E); and the USPTO has decided not to maintain the final rejections of claim 3 due to estoppel against the requestor Volkswagen (Bonny Ex. F).  Such estoppel does not apply to the Defendants in this case, who can assert the prior art that was the subject of the USPTO's final rejections.

NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES* REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS
Case No. C-14-2717-YGR

5

1  raised or reasonably could have raised during that *inter partes* review."  35 U.S.C. § 315(e)(2).

2  The IPR proceedings are conducted before a panel of technically-trained Administrative Patent

3  Judges of the PTAB.  *See* 35 U.S.C. §§ 6(a)-(c), 311.

4  **III.    LEGAL STANDARD**

5    "Courts have inherent power to manage their dockets and stay proceedings, including the

6  authority to order a stay pending conclusion of a PTO reexamination."  *Ethicon, Inc. v. Quigg*,

7  849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted).  A stay may be

8  "particularly justified where the outcome of the reexamination would be likely to assist the court in

9  determining patent validity and, if the claims were cancelled in the reexamination, would eliminate

10  the need to try the infringement issue."  *In re Cygnus Telecomms. Tech., LLC Patent Litig.*, 385 F.

11  Supp. 2d 1022, 1023 (N.D. Cal. 2005).

12    When evaluating a request to stay litigation pending a reexamination or IPR, district

13  courts generally consider three factors: (1) whether discovery is complete and a trial date is set;

14  (2) whether a stay will simplify the issues in the litigation and facilitate the trial of that case; and

15  (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-

16  moving party.  *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-CV-3970-RMW, 2013

17  WL 5225522, at *2 (N.D. Cal. Sept. 17, 2013) (new IPR); *see also Pragmatus AV, LLC v.*

18  *Facebook, Inc.*, No. 11-CV-00494-EJD, 2011 WL 4635512, at *2 (N.D. Cal. Oct. 5, 2011) (old

19  *inter partes* reexamination).  All of these factors weigh in favor of staying this litigation.

20  **IV.    ARGUMENT**

21    Here, all three factors favor a stay because (1) discovery is in the early stages and a trial

22  date has not been set, (2) the determinations by the USPTO on the Asserted Patents will

23  simplify the issues in litigation, and (3) Affinity will not be unduly prejudiced.

24    **A.    The Litigation is in the Early Stages and a Trial Date Has Not Been Set**

25    As set forth above, this litigation is still in its early stages.  Affinity has not yet

26  completed its infringement contentions, only a single third-party deposition has occurred, the

27  claim construction process on three of the five Asserted Patents has not begun, expert reports

28  have not been submitted, and a trial date has not been set.  Under these circumstances, the first

1  factor weighs in favor of staying the litigation.  *See Pragmatus AV, LLC v. Facebook, Inc.*, No.

2  11–CV–02168–EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) ("When, as here, there

3  has been no material progress in the litigation, courts in this district strongly favor granting stays

4  pending *inter partes* reexamination.").

5       The fact that Judge Clark has issued a claim construction order for two of the five

6  Asserted Patents does not sway this analysis.  The situation here closely parallels the procedural

7  posture in *PersonalWeb Techs., LLC v. Facebook, Inc.*, where multiple related patent

8  infringement lawsuits were filed at different times against distinct defendants, and only a subset

9  of the parties moved to transfer to this district.  *See* No. 5:13–CV–01356–EJD, 2014 WL

10  116340, at *1 (N.D. Cal. Jan. 13, 2014).  In such circumstances, when a court has conducted a

11  pre-transfer claim construction proceeding to conserve judicial resources, a stay is still

12  appropriate.  *See id.* at *1, *3 (granting motion to stay pending IPRs after a claim construction

13  order had issued in connection with a conditional transfer from E.D. Tex. to N.D. Cal., and

14  when the close of fact discovery was "fast approaching"); *see also Convergence Techs. (USA),*

15  *LLC v. Microloops Corp.*, No. 10-2151, 2012 WL 1232187, at *2 (N.D. Cal. Apr. 12, 2012)

16  (granting stay in view of reexamination where the parties had already submitted claim

17  construction briefs).

18       Here, the '228 and '833 patents were separately asserted against Ford and GM in a co-

19  pending litigation.  Judge Clark had also previously construed claim terms of the '228 and '833

20  patents, and found that judicial economy favored conducting a single claim construction hearing

21  involving Defendants, Ford, and GM prior to transfer.  (EDTX Action, D.I. 97 at 1)  Defendants

22  moved to stay this case immediately following Judge Clark's issuance of the claim construction

23  Order and the Order denying Affinity's emergency motion to reconsider the Court's transfer

24  Order.  *See PersonalWeb Techs.*, 2014 WL 116340, at *3 ("While motions to stay typically

25  could have been filed in the midst of these activities, any such motion in these particular cases

26  may reasonably have been considered inappropriate, given the pending conditional transfer to

27  this district.").

28

**Notice of Motion and Motion to Stay This Action Pending *Inter Partes***
**Review, *Inter Partes* Reexam, and *Ex Parte* Reexam Proceedings**
**Case No. C-14-2717-YGR**

7

1

### B.  A Stay Will Simplify the Issues in This Case

2

The second factor heavily weighs in favor of staying this litigation.  As discussed above,

3

all of the Asserted Patents are currently before the USPTO in IPR, *inter partes* reexamination,

4

or *ex parte* reexamination.  Indeed, it is highly likely that the majority of the asserted claims will

5

either be cancelled or modified in light of these USPTO proceedings.[5]  Accordingly, a stay

6

would likely simplify the issues in this case while conserving both the Court's and the parties'

7

resources.

8

As explained above, all of the Asserted Patents are currently undergoing review before

9

the USPTO.  More specifically, ***the USPTO has rejected, on several occasions and on a variety***

10

***of grounds, every asserted claim of the '833 and '947 patents***.  All of the asserted claims of the

11

'833 patent have been finally rejected during reexamination and are at the appellate stage

12

(Bonny Exs. B and C); and all of the asserted claims of the '947 patent continue to be rejected

13

after 4 years of reexamination (Bonny Ex. D).  Additionally, the USPTO *inter partes*

14

reexamination proceeding for the '228 patent is currently at the appellate stage before the PTAB

15

and seven of the nine asserted claims have been rejected.  (Bonny Exs. E–G)  For *ex parte*

16

reexaminations filed since the procedure became available in 1981, 73 percent resulted in

17

changed claims or all claims cancelled.[6]  For *inter partes* reexaminations filed since the

18

procedure became available in 1999, 92 percent resulted in changed claims or all claims

19

cancelled.[7]

20

---

[5]  For example, the Federal Circuit has affirmed the invalidity of the '926 patent.  The '926

21

patent is not asserted in this case, however, it is in the same patent family as the Asserted
Patents and claims many of the same claim limitations that are found in the Asserted Patents.

22

The '926 patent is the first patent in the family to complete USPTO reexamination and appeal
through the Federal Circuit.  *In re Affinity Labs of Texas, LLC*, No. 2013-1393, 2014 WL 67930

23

(Fed. Cir. Jan. 9, 2014).  During oral argument before the Federal Circuit, one member of the
Federal Circuit panel stated with respect to Claim 1 of the '926 patent:  "When I look at Claim

24

1, I see a bunch of claim limitations all of which . . . seem to be in the prior art. . . . Why wasn't
the court reasonably correct in finding the claimed subject matter to be obvious?"

25

[6]  "*Ex Parte* Reexamination Filing Data," available at http://www.uspto.gov/patents/stats/

26

ex_parte_historical_stats_roll_up_EOY2013.pdf (last accessed June 25, 2014).  (Bonny Ex. N)

27

[7]  "*Inter Parte* Reexamination Filing Data," available at http://www.uspto.gov/patents/
stats/inter_parte_historical_stats_roll_up_EOY2013.pdf (last accessed June 25, 2014).  (Bonny

28

Ex. O)

NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES*
REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS
Case No. C-14-2717-YGR

8

1    With respect to the '390 and '007 patents, on May 20, 2014, the USPTO instituted IPRs

2    for ***every asserted claim of the '390 patent finding that there is a "reasonable likelihood" that***

3    ***the asserted claims of the '390 patent are invalid***.  (Bonny Exs. L and M)  And Defendants are

4    currently awaiting a decision from the USPTO on institution of the '007 patent IPRs, which the

5    USPTO is expected to issue by August 2014.  The '007 patent IPRs rely, in part, on some of the

6    same prior art references that formed the basis for the USPTO's institution of the '390 patent

7    IPRs.  According to statistics published by the USPTO in fiscal year 2013, 87 percent of

8    petitions for IPR were granted.[8]  Thus it is highly likely that the '007 patent IPRs will also be

9    instituted.

10    Considering the current status and likely disposition of each USPTO proceeding for the

11    five Asserted Patents, there is a strong possibility that nearly all of Affinity's infringement

12    allegations will be moot based on invalidity alone.  *See Fresenius*, 721 F.3d at 1340; *see also*

13    *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C–13–03587 DMR, 2013 WL 6672451, at *6

14    (N.D. Cal. Dec. 18, 2013) ("Here, if the PTAB cancels all of the asserted claims of the Asserted

15    Patents, this action will be rendered moot. Should the PTAB cancel or narrow any of the

16    asserted claims of the Asserted Patents, the scope of this litigation may be significantly

17    simplified.").  Thus, a stay has a significant and realistic chance of simplifying the issues in this

18    case by eliminating the vast majority of the asserted claims.

19    As the Federal Circuit explained in *Gould v. Control Laser Corp.*, "[o]ne purpose of the

20    reexamination procedure is to eliminate trial of [an] issue (when [a] claim is canceled) or to

21    facilitate trial . . . by providing the district court with the expert view of the PTO (when a claim

22    survives the reexamination proceeding)."  705 F.2d 1340, 1342 (Fed. Cir. 1983).  This rationale

23    has been adopted by many judges throughout the Northern District of California in their

24    decisions to stay cases pending reexamination.  *See, e.g.*, *Target Therapeutics, Inc. v. SciMed*

25    *Life Sys., Inc.*, No. C–94–20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995)

26    _____

27    [8]  "AIA Progress Statistics," available at uspto.gov/ip/boards/bpai/stats/
aia_statistics_10_23_2013.pdf (last accessed June 25, 2014).  According to these statistics, 167
IPR trials were instituted in FY 2013 and only 26 petitions were denied.  *Id.*  The remaining 10

28    petitions were disposed of by joinders.  *Id.*  Many sources cite an 82 percent institution rate for
FY 2013, but that figure misleadingly lumps joinders together with denials.  (Bonny Ex. P)

NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES*
REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS
Case No. C-14-2717-YGR

9

("[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims."); *Finjan, Inc. v. Fireeye, Inc.*, No. C-13-03133 SBA, 2014 WL 2465267, at *2 ( N.D. Cal. June 2, 2014) ("If the PTO finds that some or all of the asserted claims of the reexamination patents are invalid or subject to modification, the Court will have wasted judicial resources and the parties will have unnecessarily expended funds addressing invalid claims or claims subsequently modified during reexamination. . . . Moreover, the PTO's expert opinion will provide guidance for the Court on the pertinent issues.").

In addition, the Federal Circuit's decision in *Fresenius* highlights the benefit of staying a case pending reexamination to avoid any duplicative efforts by the USPTO and a district court in assessing the validity of the Asserted Patents.  In *Fresenius*, both the district court and the USPTO were concurrently adjudicating the validity of the patent at issue.  721 F.3d at 1332. The district court declined to stay the litigation pending reexamination.  *Id.* at 1335.  The Federal Circuit later affirmed the USPTO's finding of invalidity of the patent at issue and went on to hold that "a final PTO decision affirmed by [the Federal Circuit] [must] be given effect in pending infringement cases that are not yet final."  *Id.* at 1346.  Thus, the outcome of the USPTO proceedings ultimately superseded the district court's earlier judgment on validity of the patent at issue.  *Id.* at 1341.

Moreover, "[e]ven if the[] claims are not all cancelled, the IPR could encourage settlement or lead to amendments to the claims, which could create intervening rights and limit potential damages."  *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013).  In addition, with regard to the '390 and '007 patent IPRs, once the USPTO enters a final written decision in those IPRs under 35 U.S.C. § 318(a), Defendants will be estopped from asserting, in this litigation, any invalidity ground it raised or reasonably could have raised in the IPR petitions.  35 U.S.C. § 315(e) (2).  Therefore, in that regard, staying this litigation pending final written decisions by the USPTO will result in a reduction and simplification of the issues in the litigation.

**NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES* REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS** Case No. C-14-2717-YGR

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C.     A Stay Would Not Create Undue Prejudice to Affinity Or a Clear Tactical Advantage to Defendants**

Affinity will not be subjected to undue prejudice or tactical disadvantage if the Court stays this litigation pending resolution of the USPTO proceedings.  Because the possibility of a delay is present in every case where a stay is sought pending reexamination, "Courts have long acknowledged that a delay inherent to a stay does not, in and of itself, constitute prejudice." *PersonalWeb Techs.*, 2014 WL 116340, at *5.  Thus, any prejudice that Affinity claims might result because of the mere passage of time, including for example, the possibility of employees leaving the company or witness memory fading, "are consequences that apply to any case where reexamination is sought and cannot alone demonstrate undue prejudice." *Evolutionary Intelligence*, 2013 WL 6672451, at *8.

In addition, Affinity is a non-practicing entity in the business of licensing its patents and is not a competitor in the marketplace with Defendants.  "[C]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement."  *Pragmatus*, 2011 WL 4802958, at *4; *see also Finjan*, 2014 WL 2465267 at *6-7.  Thus, Affinity can be adequately compensated with monetary damages for any infringement and will not suffer any prejudice because of a stay.  Indeed, it appears that nearly all of the Northern District of California cases that denied a motion to stay pending IPR involved direct competitors.  *See, e.g.*, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12–05501 SI, 2014 WL 121640, at *3 (N.D. Cal. Jan. 13, 2014).

Furthermore, any delay from staying the case will only be for a limited amount of time. By statute, the USPTO must issue a decision in the '390 patent IPRs in the timeframe of May-November 2015; and if the '007 patent IPRs are instituted, Defendants estimate that they would conclude in the timeframe of August 2015-February 2016.  The *ex parte* and *inter partes* reexamination proceedings of the '947, '833, and '228 patents are already nearing completion, with all asserted claims of the '947 and '833 patents and nearly every asserted claim of the '228 patent currently found invalid.  Therefore, a stay to allow the IPRs and reexaminations to proceed will not cause a significant delay to this case.

NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING *INTER PARTES* REVIEW, *INTER PARTES* REEXAM, AND *EX PARTE* REEXAM PROCEEDINGS Case No. C-14-2717-YGR

11

1    Moreover, Defendants did not delay in petitioning for IPR of Affinity's Asserted

2    Patents.  Rather, Defendants worked diligently following service of their initial disclosure of

3    invalidity contentions on October 3, 2013 to complete the IPR petitions filed on December 2,

4    2013 and January 31, 2014.  *See Software Rights Archive,* 2013 WL 5225522, at *6

5    ("Defendants served preliminary invalidity contentions on April 29, 2013 and then spent three

6    additional months to prepare and file the IPR petitions, which seems like a reasonable amount of

7    time given the complexity of the claims, prosecution history and prior art at issue.").  And this

8    motion to stay was filed immediately after Judge Clark denied Affinity's emergency motion to

9    reconsider the Court's transfer Order.

10   Nor do Defendants seek a stay for an improper purpose, such as obtaining a tactical

11   advantage or purposefully delaying the proceedings.  Rather, Defendants seek a stay to avoid

12   the unnecessary expenditure of the resources of the Court, jury, USPTO, and parties.  The '947,

13   '833, and '228 patent claims were rejected by the USPTO even before Affinity filed this case

14   against Defendants.  In view of this, Defendants believed it would be more cost-effective to file

15   IPRs on the remaining two patents (the '390 and '007 patents) so that the validity for all five

16   asserted patents can be determined by the USPTO.  There is a substantial possibility that nearly

17   all of the asserted claims of Affinity's patents will be deemed unpatentable.  Thus, it is

18   Defendants who will be prejudiced if the case is not stayed because they will be forced to

19   defend themselves against unpatentable claims and risk inconsistent results from the USPTO

20   and a jury.  *See Fresenius*, *supra*.

21   **V.    CONCLUSION**

22   For at least the foregoing reasons, Defendants respectfully request that this Court grant

23   Defendants' Motion to Stay This Action Pending *Inter Partes* Review, *Inter Partes* Reexam,

24   and *Ex Parte* Reexam Proceedings.

25                                              Respectfully submitted,

26   June 25, 2014                              By  */s/ Gabrielle E. Higgins*  _____

27

28

Jesse J. Jenner (admitted *pro hac vice*)
jesse.jenner@ropesgray.com
Brian P. Biddinger (CSB # 224604)
brian.biddinger@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Tel:  (212) 596-9000
Fax:  (212) 596-9090

Stephen J. Rosenman (CSB # 170220)
stephen.rosenman@ropesgray.com
**ROPES & GRAY LLP**
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
Tel:  (202) 508-4600
Fax:  (202) 508-4650

Gabrielle E. Higgins (CSB # 163179)
gabrielle.higgins@ropesgray.com
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, California 94303-2284
Tel: (650) 617-4000
Fax: (650) 617-4090

**Attorneys for Defendants**
*SAMSUNG ELECTRONICS CO., LTD.,*
*SAMSUNG ELECTRONICS AMERICA, INC.,*
*and SAMSUNG TELECOMMUNICATIONS*
*AMERICA, LLC*


By  */s/ Jerry R. Selinger*
John Carey (CSB # 214800)
jcarey@pattersonsheridan.com
**PATTERSON & SHERIDAN, LLP**
250 Cambridge Ave., Suite 300
Palo Alto, CA 94306-1556
Tel: (650) 330-2310
Fax: (650) 330-2314

Jerry R. Selinger (admitted *pro hac vice*)
jselinger@pattersonsheridan.com
**PATTERSON & SHERIDAN, LLP**
1700 Pacific Ave, Suite 2650
Dallas, TX  75201
Tel: (214) 272-0957
Fax: (214) 296-0256

**Attorneys for Defendants**
*HTC CORPORATION and*
*HTC AMERICA, INC.*

Notice of Motion and Motion to Stay This Action Pending *Inter Partes*
Review, *Inter Partes* Reexam, and *Ex Parte* Reexam Proceedings
Case No. C-14-2717-YGR

13

1

2
I attest that concurrence in the filing of this document has been obtained from Jerry R. Selinger
whose conformed signatures are set forth above.

3

4
                                        */s/ Gabrielle E. Higgins*

5
                                          Gabrielle E. Higgins

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Notice of Motion and Motion to Stay This Action Pending *Inter Partes***
**Review, *Inter Partes* Reexam, and *Ex Parte* Reexam Proceedings**
**Case No. C-14-2717-YGR**

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 25, 2014, **Notice of Motion and Motion to Stay This Action Pending** *Inter Partes* **Review,** *Inter Partes* **Reexam, and** *Ex Parte* **Reexam Proceedings; the Declaration of Christopher M. Bonny in Support of Defendants' Motion to Stay and accompanying Exhibits A-P; and Defendants' Proposed Order** were filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-1.  The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-1 to accept that Notice as service of this document.

*/s/ Gabrielle E. Higgins*
Gabrielle E. Higgins