UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AFFINITY LABS OF TEXAS LLC,** | **Case No.: 14-CV-2717 YGR** |
| Plaintiff, | **ORDER GRANTING MOTION TO STAY CASE** |
| v. | |
| **SAMSUNG ELECTRONICS CO., LTD.,** *et al.*, | |
| Defendants. | |

**This Order Relates To:**

**14-CV-2966 YGR**

As set forth herein, the Court **GRANTS** the pending motion to stay Case No. 14-cv-2966 YGR pending *inter partes* review, *inter partes* reexamination, and *ex parte* reexamination proceedings currently underway before the U.S. Patent and Trademark Office. (Dkt. No. 54.)[1] The motion being decided, the hearing set for August 5, 2014 is **VACATED**. Civ. L.R. 7-1(b). The Case Management Conference scheduled for August 5, 2014 remains on calendar.

**I.   BACKGROUND**

The instant dispute encompasses three patent infringement suits originally filed by Affinity Labs of Texas, LLC ("Affinity") in the federal courts of Texas and later transferred to this District. This Court's Order of July 8, 2014 rehearses the somewhat convoluted history of the cases' transfer and relation before the undersigned Judge. (Dkt. No. 56.) Affinity is the sole plaintiff in all three cases. Named as defendants in the three actions are three different corporate groups: (1) Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications

---

[1] Docket citations herein refer to Case No. 14-cv-2717 YGR, designated the lead case for filing.

America, LLC (collectively, "Samsung"); (2) High Tech Computer, Corp. and HTC America, Inc. (collectively, "HTC"); and (3) BlackBerry Limited and BlackBerry Corporation (collectively, "BlackBerry").  As set forth in the chart below, in Case No. 14-cv-2966 YGR ("*Samsung I*"), Affinity asserts five patents against Samsung and HTC: U.S. Patent Nos. 7,187,947; 7,324,833; 7,634,228; 7,953,390; and 8,359,007.  In Case No. 14-cv-3030 YGR ("*Samsung II*"), Affinity asserts a single patent against Samsung alone: U.S. Patent No. 8,532,641.  In Case No. 14-cv-3031 YGR ("*BlackBerry*"), Affinity asserts the '641 patent against BlackBerry and Samsung.

Now before the Court are two motions to stay litigation pending *inter partes* review and other proceedings before the U.S. Patent and Trademark Office.  The first motion relates to *Samsung I* and is set for hearing on August 5, 2014.  (Dkt. No. 54 ("August 5 Motion").)  The August 5 Motion is fully briefed and a Statement of Recent Decision has been filed.  (Dkt. Nos. 57 ("Opp'n"), 61 ("Reply"), 62 ("Statement").)  The second motion relates to *Samsung II*.  (Dkt. No. 65 ("September 2 Motion").)  Pursuant to Civil Local Rule 7-3, Affinity's response to the September 2 Motion is not due until August 12, 2014, and no response has been filed.  The Court, accordingly, does not address the September 2 Motion at this time.

|  | ***SAMSUNG I*** **(14-2966)** | ***SAMSUNG II*** **(14-3030)** | ***BLACKBERRY*** **(14-3031)** |
|---|---|---|---|
| **Defendants** | Samsung<br>HTC[2] | Samsung | BlackBerry<br>Samsung[3] |
| **Patents Asserted (6 in total)** | 7,187,**947**<br>7,324,**833** (construed)<br>7,634,**228** (construed)<br>7,953,**390**<br>8,359,**007** | 8,532,**641** | 8,532,**641**<br>(same as *Samsung II*) |
| **Counter-claims Asserted?** | *Samsung I*, Dkt. Nos. 41 (Samsung counterclaims for invalidity and non-infringement of '947, '833, '228, '390, and '007 patents), 45 (same for HTC) | No. | *BlackBerry*, Dkt. No. 79 (Samsung counterclaims for invalidity and non-infringement of the '641 patent); 80 (same for BlackBerry) |
| **Motion for Stay?** | Aug. 5 Motion. | Sept. 2 Motion | No. |

---

[2] Members of the LG Chem corporate family originally were defendants in *Samsung I* but since have been dismissed following settlement.  (Dkt. No. 44.)

[3] Samsung is a "consolidated defendant" in the *BlackBerry* action.  The Western District of Texas consolidated nine different patent actions on April 4, 2014, two of them being *Samsung II* and *BlackBerry*.

2

## II. DISCUSSION

Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citing *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)). Moreover, these factors must be reviewed in the context of *Fresenius*, which held that "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) *cert. denied,* 134 S. Ct. 2295 (U.S. 2014). Here, particularly in light of *Fresenius*, all three factors weigh in favor of granting the August 5 Motion.

### A. Factor 1: Stage of the Litigation

Frequently, motions to stay pending inter partes review are filed very close to the inception of formal litigation. *Samsung I*, however, is an unusual case. The parties have already undertaken significant work on the case. Fact discovery has progressed to a not insubstantial degree. Written interrogatories and responses have been exchanged, document production has begun, and email discovery has been completed. A third-party deposition has been taken. Thousands of pages of invalidity and infringement contentions have been served. The *Samsung I* defendants have supplied source code to Affinity for analysis and Affinity has supplied some supplemental infringement contentions pertaining to source code. Finally, in addition to work undertaken by the parties, the judicial system, too, has expended significant resources on the case, in that the Eastern District of Texas has overseen the proceedings thus far and construed two of the five patents in suit.

Yet, while much has been done, much remains to do. Fact discovery, though it has begun, remains far from complete. No depositions of prior art witnesses or inventors have occurred. The parties have yet to submit expert reports. No motions for summary judgment have been filed. Three of the five patents have yet to be construed. No trial date has been set.

1 Ultimately, while the activities already undertaken in Texas offset somewhat the significant
2 activities yet to be undertaken in this case, they ultimately do not tilt the balance against entering a
3 stay. In so ruling, the Court is cognizant that a stay issued in a procedurally similar case,
4 *PersonalWeb Technologies, LLC v. Facebook, Inc.*, 5:13-CV-01356-EJD, 2014 WL 116340 (N.D.
5 Cal. Jan. 13, 2014). In that case, "three of a suite of twelve patent infringement lawsuits against
6 twenty-one separate defendants" were transferred to this District from the Eastern District of Texas
7 following the Texas court's entry of a claim construction order. *Id.* at *1. During the Texas
8 proceedings, *inter partes* review of the asserted patents was instituted. *Id.* The defendants moved
9 to stay the litigation only after the cases were transferred from Texas to this Court, where they
10 came before Judge Davila. *Id.* Judge Davila noted that "[t]he parties and courts have already
11 invested significant time and effort" in the case. *Id.* at *3. "[A] claim construction order has been
12 issued and the close of fact discovery is fast approaching. However, a substantial portion of the
13 work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead." *Id.*
14 Judge Davila found that, because the parties had "yet to engage in the significant and costly work of
15 conducting expert discovery and preparing summary judgment motions" and because a trial date
16 would not be set for six more months, the case was "not so far advanced that a stay would be
17 improper." *Id.* at *4. In light of the cases' "particular procedural complexities," Judge Davila found
18 that the stage of litigation weighed "slightly in favor of a stay." *Id.*

19 The Court concurs with the perspective set forth in *PersonalWeb Technologies*. In this
20 case, too, significant work has been undertaken already in a different jurisdiction, but significant
21 work remains, fact discovery is not yet closed, and no trial date has been set. Consistent with
22 *PersonalWeb Technologies*, the Court finds that the factor of the stage of litigation weighs slightly
23 in favor of a stay.

24 **B.     Factor 2: Simplification of Issues**

25 The uncontroverted record before the Court reflects that each asserted claim in the patents
26 asserted in *Samsung I* is currently under *inter partes* review or some other proceeding, and that
27 many of the asserted claims are currently under rejection as a result of those proceedings. (Dkt.
28 No. 54-1, Exs. B-D, L-M; Statement, Exs. Z-AA.) These facts lean heavily in favor of imposing a

4

stay. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1032 (C.D. Cal. 2013) (merely *requesting* "PTO review of each of the patents-in-suit" weighs strongly in favor of staying litigation based on those patents); *see also Fresenius*, 721 F.3d at 1340 (rejection of patent claims moots legal claims based thereon).

Courts frequently find that the filing of a petition for *inter partes* review of claims favors staying litigation based on those claims because of judicial economy, the risk of inconsistent results, and the opportunity for the district court to gain guidance from the PTO in the event that review proceedings do not result in cancellation or amendment of the subject claims. *E.g.*, *Evolutionary Intelligence, LLC v. Apple, Inc.*, C 13-04201 WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014); *PersonalWeb Techs.*, 2014 WL 116340, at *2. "Indeed, it is not uncommon for this court to grant stays pending reexamination *prior* to the PTO deciding to reexamine the patent." *Pragmatus AV, LLC v. Facebook, Inc.*, 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (emphasis supplied) (collecting pre-*Fresenius* cases); *see also*, *e.g., Advanced Connection Tech., Inc. v. Toshiba Am. Info. Sys., Inc.*, C 12-6489 PJH, 2013 WL 6335882 (N.D. Cal. Nov. 27, 2013); *Evolutionary Intelligence, LLC v. Facebook, Inc.*, C 13-4202 SI, 2014 WL 261837, at *2 (N.D. Cal. Jan. 23, 2014). While "[t]here is no per se rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation," *ESCO Corp. v. Berkeley Forge & Tool, Inc.*, C 09-1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009) (quoting *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)), the factors considered often will result in a stay when review proceedings have been instituted, given that review is granted only upon a showing of "reasonable likelihood" that the party seeking review will prevail. 35 U.S.C. § 314(a). Here, where all the asserted patents are under review and a substantial portion of the asserted claims are under rejection, this factor weighs overwhelmingly in favor of a stay.

### C. Factor 3: Prejudice

Affinity makes four arguments as to this factor: (1) the *Samsung I* defendants forum-shopped the August 5 Motion; (2) the timing of their petitions for *inter partes* review reveals gamesmanship; (3) the review and reexamination proceedings instituted against Affinity are years

from completion; and (4) a stay will prejudice Affinity's licensing efforts. None of these arguments warrant denial of the August 5 Motion.

As to the first issue, the Court is not persuaded that the *Samsung I* defendants forum-shopped their motion. Though it is true, as Affinity points out, that the defendants could have sought a stay in the Eastern District of Texas, "any such motion in these particular cases may reasonably have been considered inappropriate, given the pending conditional transfer to this district." *PersonalWeb Techs.*, 2014 WL 116340, at *3. "In other words, these cases were in a unique posture that required the litigation to progress before a motion to stay could be considered." *Id.* Given that the power to enter a stay flows from a district judge's inherent power to control his or her own docket, *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988), and in light of the concomitantly broad discretion afforded district judges in deciding whether to enter—or to lift—a stay, a decision to refrain from moving for a stay while litigating in the shadow of conditional transfer is just as consistent with judicial economy as with gamesmanship. Given the unusual procedural history of this case, the *Samsung I* defendants' decision to move for a stay only after transfer does not weigh against entry of a stay.

The second issue raised by Affinity, the timing of the *Samsung I* defendants' filing of their petitions for *inter partes* review, is significantly more probative of gamesmanship. It is undisputed that, for each petition the *Samsung I* defendants filed, they waited until the last day of the statutory filing period. Extreme delay of that sort weighs unequivocally against a stay. *Evolutionary Intelligence*, 2014 WL 93954, at *4 (waiting until last day of filing period "reeks of gamesmanship"); *accord Evolutionary Intelligence*, 2014 WL 261837, at *4. Nevertheless, this is but one circumstance among many and, on balance, it does not outweigh the substantial likelihood that many of the claims asserted in this litigation will be mooted.

Affinity's third argument, based on the length of the review processes to which it is now subject, merits only a brief response. Courts repeatedly have held found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay. *E.g.*, *Pragmatus AV*, 2011 WL 4802958, at *4; *Pi-Net Int'l, Inc. v. Focus Bus. Bank*, C-12-4958-PSG, 2013 WL 4475940, at *4 (N.D. Cal. Aug. 16, 2013) *reconsidered in part on other*

1  *grounds*, C-12-4958 PSG, 2013 WL 5513333 (N.D. Cal. Oct. 3, 2013). Here, the Court perceives
2  no prejudice flowing from the length of a review process which, while incomplete, has already
3  raised serious questions about the validity of the patents asserted in this litigation.

4  As to Affinity's fourth argument, that entry of a stay will harm its efforts to license the
5  patents in suit, speculative harm to licensing efforts does not supply a reason to stay a case.
6  "Should one or more of the asserted claims not survive inter partes review, [plaintiff] should not be
7  entitled to exclude others from practicing invalid claims." *Evolutionary Intelligence*, 2014 WL
8  93954, at *3. "Furthermore, courts have consistently found that a patent licensor cannot be
9  prejudiced by a stay because monetary damages provide adequate redress for infringement."
10  *Pragmatus AV*, 2011 WL 4802958, at *4 (internal quotation marks and brackets omitted).

11  On balance, the third factor, risk of undue prejudice, weighs in favor of a stay. In so ruling,
12  the Court is conscious of the absence of any allegation that the parties here compete in the
13  marketplace. "Unlike patent infringement actions involving non-practicing entities, infringement
14  among competitors can cause harm in the marketplace that is not compensable by readily calculable
15  money damages." *Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, 10-CV-
16  02863-EJD, 2011 WL 3267768, at *11 (N.D. Cal. July 28, 2011) (citing *Acumed LLC v. Stryker
17  Corp.*, 551 F.3d 1323, 1327-28 (Fed. Cir. 2008)). "Staying a case while such harm is ongoing
18  usually prejudices the patentee that seeks timely enforcement of its right to exclude." *Id.* (citing
19  *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009)). Here, the
20  absence of market competition between Affinity and the *Samsung I* defendants further supports the
21  impression that Affinity will suffer no undue prejudice from staying this litigation while the PTO
22  reviews and reexamines the validity of Affinity's asserted patents.

23                              *     *     *

24  The first and third of the three factors considered weigh in favor of a stay, and the second
25  factor—the possibility of streamlining the litigation in light of all the asserted claims currently
26  being under review or reexamination, and some already being under rejection—weighs
27  overwhelmingly in favor of a stay. A stay therefore shall issue in *Samsung I*.
28  ///

7

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the August 5 Motion.  Case No. 14-cv-2966 YGR is hereby **STAYED** pending final exhaustion of the *inter partes* review, *inter partes* reexamination, and *ex parte* review proceedings to which U.S. Patent Nos. 7,187,947; 7,324,833; 7,634,228; 7,953,390; and 8,359,007 are now subject.  This Order does not preclude any party from moving to reopen this action.

The parties to *Samsung I* shall submit a ***joint*** status report every six months, notifying the Court of the progress of the review and reexamination proceedings.  The first such report shall be filed no later than the first business day of February 2015, with subsequent filings due every six months thereafter, on the first business day of the month.

The Court hereby sets a compliance hearing on its 9:01 a.m. Calendar on **Friday, February 13, 2015**, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California.  At least five business days prior to the date of the compliance hearing, the parties shall file either: (a) their joint status report; or (b) a one-page joint statement setting forth an explanation for their failure to comply.  If compliance is complete, the parties need not appear and the compliance hearing will be taken off calendar.  Telephonic appearances will be allowed if the parties have submitted a joint statement in a timely fashion.  Failure to do so may result in sanctions.

In light of the pendency of the September 2 Motion and the absence of any motion to stay in the *BlackBerry* case, the Case Management Conference set for 2:01 p.m. on Tuesday, August 5, 2014 remains on calendar.

This Order terminates Docket No. 54 and stays Civil Case No. 14-cv-2966 YGR.

**IT IS SO ORDERED**.

Date: August 1, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**